**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:05-CV-00101**

| | |
|---|---|
| **LYLE G. MYERS** | **PLAINTIFF** |
| V. | |
| **OTR MEDIA, INC.,** | |
| **RICHARD UNDERWOOD, and** | **DEFENDANTS/** |
| **CARL FLEWALLEN** | **THIRD-PARTY PLAINTIFFS** |
| V. | |
| **LIMELIGHT MEDIA GROUP, INC.,** | |
| **IMPART MOBILE DIVISION,** | |
| **DAVID V. LOTT, and** | |
| **STEWART LAYTON** | **THIRD-PARTY DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Third-Party Defendants to dismiss the Third-Party Complaint. Fully briefed, this matter is ripe for decision. For the following reasons, the Third-Party Defendants' motion is **GRANTED**.

**I. FACTS**

Plaintiff Lyle G. Myers ("Myers") filed the original Complaint in this action on December 28, 2004. Myers alleges that Defendants/Third-Party Plaintiffs Richard Underwood and Carl Flewallen fraudulently induced him to buy unregistered securities in OTR Media, Inc. Myers alleges that Underwood and Flewallen "guaranteed" Myers the he would "get his money back within the first year of making his investment," and provided him with projections showing that all investors in OTR would double their money within two years. Based on these allegedly false representations, Myers purchased $5,000 worth of OTR stock on January 2, 2003; $295,000 worth of OTR stock on January 31, 2003, and $186,000 worth of OTR stock on July 4, 2004.

Myers claims that the Defendants/Third-Party Plaintiffs actions constituted fraud under the securities laws of Michigan and Kentucky and at common law. He claims that their sale of stock was in violation of the Michigan Uniform Securities Act and the Securities Act of Kentucky because the stock sold to him was not properly registered under the laws of Kentucky or Michigan, and also because neither Flewallen nor Underwood were registered as Agents or Broker Dealers, as those acts require. All of Myers claims against the Defendants/Third-Party Plaintiffs are based on his purchases of OTR stock in 2003 and 2004 and the Defendants/Third-Party Plaintiffs inducement of those purchases.

The Third-Party Plaintiffs' Complaint, in contrast, arises from Third-Party Defendant Limelight Media's purported purchase of OTR in 2005. The Third-Party Plaintiffs allege that more than six months after Myers made his investment in OTR, Limelight Media acquired OTR, stole its trade secrets, and then "attempted to void the transaction." The Third-Party Complaint further alleges that the Third-Party Defendants formed Impart Mobile Media, Inc. ("Impart") "to do the same and similar business of OTR" using OTR's trade secrets.

## II. DISCUSSION

The Third-Party Defendants argue that the Third-Party Complaint should be dismissed because the Court lacks supplemental jurisdiction over the claims contained therein. The Third-Party Defendants first argue that the Third-Party Complaint is improper under Fed. R. Civ. P. 14, since it does not allege that the Third-Party Defendants are liable for all or part of the Plaintiff's claims against the Third-Party Plaintiff. They also argue that the Court lacks jurisdiction because the Third-Party Complaint contains no factual nexus with the allegations in the original Complaint pursuant to 28 U.S.C. § 1367(a) and because the Third-Party Complaint fails to satisfy the minimal damages requirement for diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1367(b).

They also argue that even if the Court were to hold that it has supplemental jurisdiction, the Court should decline to exercise it under 28 U.S.C. § 1367(c) since the third-party action would predominate over the original action. The Third-Party Defendants also contend that the Third-Party claims against Limelight Media and David Lott should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because they were not properly served. In response, the Third-Party Plaintiffs contend that the Third-Party Complaint should not be dismissed because the amount in controversy requirement has been satisfied and because the third-party claims are directly related to the original action.

Under Fed. R. Civ. P. 14(a), a third-party complaint is permitted only when the third party is attempting to transfer liability for the plaintiff's claim against him. Baker v. Pierce, 812 F.2d 1406, *6, n. 2 (6th Cir. 1987). Indeed, as several circuits have recognized,

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003)(quoting United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987)); accord Stewart v. American Internat'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988) ("Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto."); Gaines v. Sunray Oil Co., 539 F.2d 1136, 1139 n.7 (8th Cir. 1976) ("Sunray's claim could not be maintained as a third-party claim since it is not one for indemnity.").

The Third-Party Plaintiffs here, like their counterparts in Mattes, have failed to allege any "coherent legal theory" under which the Third-Party Defendant could be liable to indemnify him for the claims brought in the original Complaint. Thus, the Court holds that the Third-Party Complaint was improperly brought and that it should be dismissed. Accordingly, the Court need not consider

the Third-Party Defendants' alternative arguments for dismissal.

### III. CONCLUSION

For the foregoing reasons, the Third-Party Defendants' motion to dismiss the Third-Party Complaint is **GRANTED**.

cc: Counsel of Record